JOHN D. MUNDING
CRUMB & MUNDING, P.S.
601 W. Riverside, Suite 1950
Spokane, WA 99201
Telephone: (509) 624-6464

Attorneys for Plaintiff

JUDGE VAN SICKLE

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

APR 1 8 2005

JAMES R. LARSEN, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MEYER PROPERTIES, LP<br>d/b/a BLUE MOUNTAIN MALL,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JONES EMPORIUM, INC.,<br>AND NEAL M. JONES,<br><br>　　　　Defendants. | NO. CT03-5128-FVS<br><br>ORDER GRANTING<br>MEYER PROPERTIES,<br>LP'S MOTION FOR<br>SUMMARY JUDGMENT<br><br>~~[PROPOSED]~~ |

This Matter having come before the Court on April 1, 2005, upon the Plaintiff, MEYER PROPERTIES, LP d/b/a BLUE MOUNTAIN MALL ("MEYER")'s Motion for Summary Judgment and related pleadings as referenced by Docket Numbers 55-56, and the Court having considered MEYER's moving papers as well as the responsive document received from Defendant JONES EMPORIUM, INC., through its principal, Neal M. Jones, and the Court having considered the undisputed evidence before it and the LR 56.1 Statement of MEYER (Docket No. 57), hereby makes the following findings:

I.

## **FINDINGS OF FACT**

1. MEYER PROPERTIES, L.P. ("MEYER") is a California limited partnership doing business in the state of Washington.

2. MEYER is the owner of the Blue Mountain Mall ("Mall") located at 1631 W. Rose Avenue, Walla Walla, Washington. The Mall is a regional retail shopping center.

3. JONES EMPORIUM, INC., is an Oregon corporation formed on June 25, 2003, by Neal M. Jones and Amy L. Jones.

4. As revealed in the discovery responses, including lack thereof, JONES EMPORIUM, INC., did not keep corporate records and minutes, did not have employees, and did not ever prepare or file federal tax returns. Furthermore, JONES EMPORIUM, INC., did not have any records to support preparation or activities to fixturize or inventory the store at Walla Walla. Instead, records reflect that money was immediately diverted by JONES EMPORIUM, INC., for Neal M. Jones and Amy L. Jones' own financial benefit. JONES EMPORIUM, INC., was merely a vehicle to carry out Neal M. Jones and Amy L. Jones' fraudulent scheme.

5. JONES EMPORIUM, INC., through its principals, repeatedly made assurances to MEYER concerning JONES EMPORIUM, INC.'S experience, financial stability, and intent to reopen a retail department store at the Mall.

6. On September 3, 2003, JONES EMPORIUM, INC., through its principals and officers, Amy L. Jones and Neal M. Jones, visited the business office of MEYER located at Newport Beach, California. The purpose of this meeting was to procure a lease for retail space at the Mall.

7. During the course of the business meeting on September 3, 2003, at MEYER'S offices, JONES EMPORIUM, INC., through Neal M. Jones and Amy L. Jones, presented a business plan for the proposed tenancy at the Mall and made written

and oral statements concerning their personal financial viability and stability as well as the financial stability of JONES EMPORIUM, INC., as a tenant for the Mall.

8. As additional incentive and reassurance that Neal M. Jones and Amy L. Jones were committed to JONES EMPORIUM, INC.'s success and that JONES EMPORIUM, INC., had the financial ability to carry out its business plan, Amy L. Jones and Neal M. Jones provided MEYER with personal financial statements demonstrating a net worth of $3,110,620.

9. The information contained in the financial statement provided to MEYER was materially false and misleading during the period of 2003.

10. In material reliance upon the statements of JONES EMPORIUM, INC., representatives, specifically Neal M. Jones and Amy L. Jones, and their personal finances and commitment to JONES EMPORIUM, INC., MEYER entered into a long term retail lease with JONES EMPORIUM, INC., and committed to funding $1 million for improvements to the retail space at the Mall to insure the success of the proposed tenancy.

11. On September 23, 2003, the Lease for retail space at the Mall was signed by the parties. The Lease also provided for liquidated damages

12. Pursuant to the terms of the Lease and at the insistence of JONES EMPORIUM, INC., MEYER caused to be wired the sum of $500,000 to JONES EMPORIUM, INC.'s bank account on September 25, 2003.

13. MEYER repeatedly caused letters to be sent to Jones and JONES EMPORIUM, INC., requesting return of the advance or adequate assurance that the store would open pursuant to the terms of the Lease.

14. JONES EMPORIUM, INC., never took any steps to commence improvements at the store at the Mall, never delivered inventory or equipment to the Mall, never made any improvements, and failed to open the store in accordance with the terms of the Lease.

15. Despite written request and demand, JONES EMPORIUM, INC., never returned the money advanced from MEYER for the sole purpose of purchasing fixtures and inventory for the store.
16. JONES EMPORIUM, INC., through its principals, diverted money advanced for the benefit of the store, improvements, inventory, and equipment, converting the money for the personal uses of debt obligations associated with Neal M. Jones and Amy L. Jones.
17. September 24, 2003. JONES EMPORIUM, INC., wrote Check No. 94 in the amount of $200,000. Although this check was written on a JONES EMPORIUM, INC., account, the names JONES EMPORIUM, INC., was removed and Jones Property Management and Neal Jones were substituted using Neal Jones' residential address in Arizona. The check was written to Marathon Fund I in the amount of $200,000. Marathon Fund I was a creditor of Jones Property Management and Neal M. Jones. The debt obligation owed by Neal M. Jones and Jones Property Management was incurred on May 23, 2003, prior to the formation of JONES EMPORIUM, INC., prior to MEYER ever meeting Neal M. Jones or JONES EMPORIUM, INC., and four months prior to the Lease between JONES EMPORIUM, INC., and MEYER.
18. September 28, 2003. JONES EMPORIUM, INC., wrote Check No. 95 to Melanie Square, LLC, in the amount of $18,783.83, signed by Amy L. Jones. Melanie Square, LLC, is owned in part by Neal M. Jones. This check was not written for inventory or fixtures associated with the Mall.
19. No steps were taken in preparation of the opening of JONES EMPORIUM, INC.'s store at the Blue Mountain Mall. Despite that fact, JONES EMPORIUM, INC., wrote checks for personal liabilities of Neal M. Jones and Amy L. Jones, to benefit their other companies, as follows:

| DATE | CHECK NO. | | AMOUNT |
|---|---|---|---|
| 9/23/03 | 93 | KS Consulting | $7,000.00 |
| 10/15/03 | ___ | KS Consulting | $7,079.68 |
| 10/1/03 | 98 | KS Consulting | $260.19 |
| 10/1/03 | 99 | Northwest Last Firm for payment of Neal M. Jones and Amy L. Jones personal legal bill. The Northwest Law Firm is Jennifer L. Palmquist, the attorney of record in this proceeding. | |
| | | | $2,215.00 |

20. Despite the fact that JONES EMPORIUM, INC., never took any steps to open the JONES EMPORIUM, INC., store at the Blue Mountain Mall, Walla Walla, JONES EMPORIUM, INC., wrote the following checks for benefit of other enterprises of Neal M. Jones and Amy L. Jones:

| DATE | CHECK NO. | | AMOUNT |
|---|---|---|---|
| 8/30/03 | 97 | Cypher Data | $1,500.00 |
| 10/31/03 | 1008 | Eastern Oregon Building Service | $3,491.25 |
| 11/6/03 | 1030 | May Trucking Co. | $681.50 |
| 11/5/03 | 1035 | DJV Design & Builder | $1,375.00 |
| 10/31/03 | 1025 | GMAC Comm. | $896.56 |
| 11/5/03 | 1029 | East Oregonian | $70.20 |
| 11/5/03 | 1031 | Rubenstein Carpet | $6,984.00 |
| 11/5/03 | 1034 | V & M Remodels | $1,446.40 |
| 10/29/03 | 1007 | Spacewall | $590.00 |
| 10/29/03 | 1010 | | $3,750.00 |
| 10/29/03 | 1006 | | $750.00 |
| 10/21/03 | No check no. | Spacewall | $2,270.00 |
| 11/11/03 | 1038 | Bi Mart | $40.00 |
| 11/10/03 | 1040 | DMV | $50.00 |
| 11/10/03 | 1041 | DMV | $50.00 |
| 11/10/03 | 1042 | DMV | $50.00 |

21. Despite the fact that JONES EMPORIUM, INC., never had any employees, JONES EMPORIUM, INC., principals wrote the following checks to individuals on the JONES EMPORIUM, INC., bank account:

|  | DATE | CHECK NO. | AMOUNT |
|---|---|---|---|
| Randy Thygerson | 10/25/03 | 1003 | $1,000.00 |
| Ralph Matteson | 10/2/03 | 100 | $4,000.00 |
| Michael Shirts | 10/28/03 | 1005 | $348.00 |
| Kevin Metcalf | 10/31/03 | 1019 | $233.20 |
| Dave Utter | 10/16/03 | No check no. | $2,886.96 |
| Paul Stover | 10/31/03 |  | $109.60 |
| Ralph Matteson | 11/1/03 | 1024 | $4,000.00 |
| Dana Seavers | 10/31/03 | 1028 | $119.52 |
| Kevin Metcalf | 11/5/03 | 1032 | $69.52 |
| Sharon Roberts | 11/1/03 |  | $3,230.00 |
| Dave Utter | 11/5/03 | 1036 | $132.04 |
| Joe Snedden | 10/22/03 | 1004 | $9,556.56 |
| Ron Glen | 10/29/03 | 1012 | $2,000.00 |
| Randy Thygerson | 11/1/03 | 1015 | $500.00 |
| Linda Dockett | 10/31/03 | 1018 | $1,015.86 |
| Dave Utter | 10/29/03 | 1011 | $3,115.78 |
| Sharon Roberts | 11/1/03 | 1014 | $210.61 |
| Michelle Daniels | 10/31/03 | 1016 | $292.00 |
| Rod Smith | 10/31/03 | 1020 | $36.00 |
| Vaughn Glen | 10/16/03 | None | $1,400.00 |
| Mike Shorts | 10/21/03 | No check no. | $572.00 |
| Carol Dauplaise | 11/17/03 | 1053 | $252.39 |

22. Neal M. Jones and Amy L. Jones wrote to themselves on the JONES EMPORIUM, INC., account or caused money to be transferred to themselves on the JONES EMPORIUM, INC., account as follows:

| DATE | CHECK NO. | AMOUNT |
|---|---|---|
| 9/25/03 | Wire transfer to Neal Jones | $31,000.00 |
| 9/29/03 | Wire transfer to Amy L. Jones | $6,000.00 |
| 10/1/03 | Wire transfer to Nathan Jones | $13,500.00 |
| 10/6/03 | Wire transfer to Neal Jones | $20,000.00 |
| 10/10/03 | Wire transfer to Cypher Consulting For debt of Neal Jones | $6,000.00 |
| 10/28/03 | Telephone transfer | $20,000.00 |
| 9/23/03 | Neal M. Jones | $105.00 |
| 10/21/03 | Neal M. Jones | $10,000.00 |
| 10/30/03 | Amy L. Jones | $2,142.65 |
| 10/28/03 | Amy L. Jones | $2,298.00 |
| 10/30/03 | Neal M. Jones | $2,800.00 |

ORDER GRANTING MEYER PROPERTIES, LP'S MOTION
FOR SUMMARY JUDGMENT - 6

| | | |
|---|---|---|
| 11/1/03 | Amy L. Jones | $33,132.73 |
| 11/17/03 | Neal M. Jones | $25,000.00 |
| 12/16/03 | Jones Emporium, Inc., Check No. 1057 Neal M. Jones | $14,000.00 |
| **11/6/03** | **Wire Transfer to Jones Property Management** | **$200,000** |

26. The foregoing transfers were made from JONES EMPORIUM, INC., accounts for the benefit of Neal M. Jones and Amy L. Jones and their corporations. Including an $18,000.00 debt obligation owed by Neal and Amy Jones to Suzette Cushman executed July 29, 2003, referencing a payoff of 11/15/03.

27. On November 6, 2003, after demand for return of the advanced money was made upon JONES EMPORIUM, INC., and Jones, Jones caused $200,000 to be transferred to his company Jones Property Management from the JONES EMPORIUM, INC., bank account.

28. As a result of the conduct described above, MEYER has sustained damages of $500,000.00 directly related to the conversion of the improvement advance.

29. Pursuant to Article 27 of the Lease, MEYER is entitled to liquidated damages associated with lost rents as follows:

    a. Years 1-5     $1,624,380
    b. Years 6-10   $1,848,480
    TOTAL         $3,472,860

30. The total amount of damages sustained by MEYER as a result of the conduct described above is $3,972,860.

Based upon the foregoing finding, the Court orders as follows:

II.

**ORDER**

There being no genuine issue of material fact as to the issues presented regarding the factual elements of the claims plead for fraud and conversion by Plaintiff, and it further appearing that Plaintiff, MEYER PROPERTIES, LP, is entitled to judgment as a matter of law on those specifically plead claims, now therefore, it is hereby

ORDERED AS FOLLOWS:

1. Plaintiff's Motion for Summary Judgment as to its claim for fraud, deceit, and conversion against the Defendant, JONES EMPORIUM, INC., is granted. The Plaintiff has met its factual burden of proof with respect to each element of the claims asserted for fraud as well as conversion of property.

2. That as a matter of law, the Plaintiff, MEYER PROPERTIES, LP, is entitled to an award of judgment against JONES EMPORIUM, INC., in the amount of $500,000.00 associated with the improvement advance and the sum of $3,472,860.00 associated with the Lease, for a total judgment of $3,972,860.00. Plaintiff, MEYER PROPERTIES, LP, may submit judgment to be entered in that amount.

DATED this 17th day of April, 2005.

_____
JUDGE FRED VAN SICKLE

ORDER GRANTING MEYER PROPERTIES, LP'S MOTION
FOR SUMMARY JUDGMENT - 8